IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

Augusto Aviles Ramirez

    Plaintiff,

v.

SKY WAY 786 LLC d/b/a La Macarena Restaurant & Bar and Karim Ali Umetia

    Defendants.

Case No. __23-cv-01486_____

PLAINTIFF DEMANDS TRIAL BY JURY

## COMPLAINT AT LAW

Plaintiff, Augusto Aviles Ramirez ("Plaintiff") by and through his attorney, James M. Dore, complains against SKY WAY 786 LLC d/b/a La Macarena Restaurant & Bar ("Defendant" or "La Macarena") and Karim Ali Umetia ("Defendant" or "Karim Ali"). La Macarena and Karim Ali may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

### INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### PARTIES

2. Plaintiff Augusto Aviles Ramirez is a resident of Austin, Texas; and he was employed by La Macarena and Karim Ali. Plaintiff is also known as Gustavo Aviles.

3. La Macarena is a restaurant business that is located, headquartered, and conducts business in Austin, Texas.

4. Karim Ali is the owner and Manager of La Macarena, and they are in charge of its employees. On information and belief, Karim Ali is a resident of Austin, Texas.

5. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## JURISDICTION AND VENUE

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367. Venue is proper in the Western District of Texas because all underlying facts and transactions occurred in or about Austin, Texas.

## FACTS COMMON TO ALL CLAIMS

7. La Macarena is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

8. Karim Ali is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he was Plaintiff's head "boss" at La Macarena; (2) he had the power to hire and fire the employees, including Plaintiff; (3) he supervised and controlled Plaintiff's work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and (5) he maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

9. Plaintiff reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 9.

10.	Plaintiff began working at La Macarena in or before March 15, 2022.

11.	At all times, Plaintiff held the same position at La Macarena, where he worked as a cook and in food preparation. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform cooking duties, cleaning kitchen area, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

12.	Although schedules are subject to change, Defendants required Plaintiff to work, from March to August an average of 87 hours per week; from August to October an average of 77 hours per week and from November to December an average of 70 hours per week.

13.	Plaintiff was paid his wages on a bi-weekly basis.

14.	Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

15.	Plaintiff's rate of pay was $15.00 hourly.

16.	Throughout the course of Plaintiff's employment with Defendants Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

17.	Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

18.	On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

19.	Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,360.00 in unpaid overtime wages; (ii) liquidated damages of $12,360.00; and (iii) Plaintiff's

attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE**, Plaintiff Augusto Aviles Ramirez respectfully requests that the Court enter a judgment in his favor and against Defendants SKY WAY 786 LLC d/b/a La Macarena Restaurant & Bar and Karim Ali Umetia, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $12,360.00;

B. An award liquidated damages in an amount equal to at least $12,360.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

Augusto Aviles Ramirez
Plaintiff

__/s/James M. Dore__
By his Attorney

**Justicia Laboral LLC**
James M. Dore (TX Bar # 24128272)
*Attorney for Plaintiff*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**PLAINTIFF DEMAND TRIAL BY JURY**

1:23-cv-01486

**EXHIBIT A**

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid OT | FLSA Liquidated |
|---|---|---|---|---|---|
| 3/13/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 3/20/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 3/27/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 4/3/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 4/10/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 4/17/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 4/24/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 5/1/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 5/8/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 5/15/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 5/22/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 5/29/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 6/5/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 6/12/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 6/19/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 6/26/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 7/3/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 7/10/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 7/17/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 7/24/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 7/31/2022 | 87 | 47 | $15.00 | $352.50 | $352.50 |
| 8/7/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 8/14/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 8/21/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 8/28/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 9/4/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 9/11/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 9/18/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 9/25/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 10/2/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 10/9/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 10/16/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 10/23/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 10/30/2022 | 77 | 37 | $15.00 | $277.50 | $277.50 |
| 11/6/2022 | 70 | 30 | $15.00 | $225.00 | $225.00 |
| 11/13/2022 | 70 | 30 | $15.00 | $225.00 | $225.00 |
| 11/20/2022 | 70 | 30 | $15.00 | $225.00 | $225.00 |
| 11/27/2022 | 70 | 30 | $15.00 | $225.00 | $225.00 |
| 12/4/2022 | 70 | 30 | $15.00 | $225.00 | $225.00 |
| 12/11/2022 | 70 | 30 | $15.00 | $225.00 | $225.00 |
| TOTALS: | | | | $12,360.00 | $12,360.00 |